# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOUGLAS WALLIN,              ) | |
|                              ) | |
|     Plaintiff,               ) | |
| v.                             ) | Case No. 12-01120-MJR-PMF |
|                              ) | |
| JUNG TRUCK SERVICE, INC., and   ) | |
| JUNG TRANSPORT, LLC,        ) | |
|                              ) | |
|     Defendants.           ) | |
|                              ) | |
| ***Serve:***                        ) | |
|     Heidi L. Eckert          ) | |
|     Hinshaw & Culbertson LLP    ) | |
|     521 West Main Street, Suite 300  ) | |
|     Belleville, Illinois  62222-0509   ) | |

## COMPLAINT

COMES NOW Plaintiff, Douglas Wallin, by and through his attorneys, Mathis, Marifian & Richter, Ltd., and for his Complaint submits the following:

### Nature of Action

1.     This is an action to correct unlawful practices and conduct brought under the Surface Transportation Act ("STAA"), 49 U.S.C. §31105, 49 C.F.R. §392.14 and state common law. Plaintiff, Douglas Wallin, a former employee of Defendants Jung Truck Service, Inc., and Jung Transport, LLC (collectively referred to as "Jung"), alleges that Jung unlawfully retaliated against him because Douglas Wallin had engaged in, or was perceived to have engaged in, protected activity pertaining to commercial motor vehicle safety, health, or security matters. Specifically, the Defendants terminated Wallin's employment after he objected to operating a commercial motor vehicle in violation of 49 C.F.R. §392.14 or, at a minimum, because he had a

reasonable apprehension of serious injury to himself or the public should he be forced to operate the vehicle.

2.       Plaintiff Wallin has complied with all administrative prerequisites by timely filing a Complaint with the Secretary of Labor on June 17, 2011.

3.       Plaintiff Wallin also gave notice of his intent to file this action on October 10, 2012, after the Secretary of Labor had not issued a final decision for more than 210 days.

4.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1332, 1367(a), 1337 and 49 U.S.C. §31105(c). This Court also may exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

5.       Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because all or a substantial part of the events alleged occurred within this District.

**Parties**

6.       At all times relevant herein, Plaintiff, Douglas Wallin, was and is a citizen and resident of the City of Belleville, St. Clair County, Illinois.

7.       At all times relevant herein, Defendants, Jung Truck Service, Inc., and Jung Tranpsort, LLC, are Illinois corporations duly registered and transacting business in St. Clair County, Illinois, with their principal place of business located in the City of Mascoutah, St. Clair County, Illinois.

8.       At all times relevant herein, each Defendant was a person within the meaning of STAA pursuant to 29 C.F.R. §1978.101(i). Defendants are in a business affecting commerce and own or lease commercial motor vehicles in connection with that business such that they are an employer under STAA.

## Background

9.     From April 2009 until his termination on or about May 25 or 26, 2011, Wallin was employed by the Defendants as a truck driver assigned to operate and drive commercial motor vehicles, including vehicles with a gross weight or weight rating of 10,001 pounds or more.  At all relevant times, Wallin was an employee as defined in 49 U.S.C. §§31101(2), 31105(j).

10.    At all times relevant herein, Defendants and Wallin were obligated to comply with the STAA and other applicable laws and regulations relating to the safety, operation and driving of commercial motor vehicles and the transportation of intermodal equipment on interstate highways.

11.    The STAA sets forth minimum safety requirements which drivers, employers and intermodal equipment providers must follow.

12.    The spring of 2011was one of the worst tornado seasons on record with over 500 deaths during the months of April and May.  The historical average is about 80 deaths annually in the United States from tornadoes.

13.    On May 22, 2011, a tornado in Joplin, Missouri, resulted in 159 deaths, more than 900 injuries, and over $2 billion in damage.

14.    On May 25, 2011, only 3 days after the tornado disaster in Joplin, the National Weather Service (NWS) Storm Prediction Center in Norman, Oklahoma issued Tornado Watch Number 370 for southern Illinois, southern Indiana, eastern Missouri, and western and central Kentucky, which included St. Clair, Clinton, Marion, Washington and Jefferson Counties in Illinois.

15.    The watch issued by the NWS was a "Particularly Dangerous Situation" (PDS) Tornado Watch, calling for destructive tornadoes, large hail to 3 inches in diameter, and thunderstorm wind gusts to 70 mph.

16.    PDS Tornado Watches are relatively rare.

17.    The wording of the watch issued by the NWS on May 25, 2011, was meant to highlight an unusually high threat level to the media, emergency managers and the public.

18.    The watch issued by the NWS on May 25, 2011, throughout the Illinois counties of St. Clair, Clinton, Marion, Washington and Jefferson stated:

> "TAKE COVER NOW. MOVE TO AN INTERIOR ROOM ON THE LOWEST FLOOR OF A STURDY BUILDING. AVOID WINDOWS. IF IN A MOBILE HOME, A VEHICLE OR OUTDOORS, MOVE TO THE CLOSEST SUBSTANTIAL SHELTER AND PROTECT YOURSELF FROM FLYING DEBRIS."

19.    On May 25, 2011, Plaintiff Wallin was assigned by the Defendants to operate a commercial motor vehicle between Cahokia and Mt. Vernon, Illinois, hauling loads of rock. This trip required Plaintiff Wallin to travel through the five counties of St. Clair, Clinton, Marion, Washington and Jefferson Counties in Illinois.

20.    While operating the Defendants' truck on May 25, 2011, Plaintiff Wallin became aware of weather warnings issued by local media and the NWS.

21.    Upon his arrival that afternoon at Defendants' facility in Mascoutah, Illinois, Plaintiff Wallin received a phone call from his wife, Christi Wallin, who at the time was and is a civilian employee at Scott Air Force Base, which is located approximately three miles from Defendants' facility in Mascoutah, Illinois.

22.     Christi Wallin advise Plaintiff Wallin that Scott Air Force Base had instructed all non-essential personnel to go home and take cover in response to the warnings and PDS Tornado Watches issued by the NWS and local media.

23.     At the time of this phone call, Plaintiff Wallin had been assigned by the Defendants to make one more trip that day to Mt. Vernon and back, thereby necessitating his travel through the five counties of St. Clair, Clinton, Marion, Washington and Jefferson Counties in Illinois two times.

24.     In response to the warnings issued by the local media and NWS, as well as the reports from his wife of the closure of nearby Scott Air Force Base, Plaintiff Wallin spoke to Jon Jung, the Defendants' Vice President and one of its owners, and advised him that, due to the weather conditions, he did not feel that it was safe to operate his truck.

25.     Wallin objected to operating the Defendants' truck because he had a reasonable apprehension of serious injury to himself or the public should he be forced to operate the vehicle in light of the warnings issued by the local media and NWS.

26.     Jon Jung told Plaintiff Wallin that if he did not drive the truck, then he should pack up his stuff and go home and not bother coming in to work the next day because he would not have any work for him.

27.     The next day, May 26, 2011, Jon Jung and Bruce Jung, the Defendants' President and one of its owners, terminated Plaintiff Wallin's employment.

28.     Defendants terminated Plaintiff Wallin's employment because he refused to operate a vehicle in violation of 49 C.F.R. §392.14 or, at a minimum, because he had a reasonable apprehension of serious injury to himself or the public should he be forced to operate the vehicle.

29.     Defendants terminated Plaintiff Wallin's employment in retaliation for his protected conduct.

## COUNT I
## DISCHARGE IN VIOLATION OF 49 U.S.C. §31105

30.     Plaintiff Wallin incorporates paragraphs 1 through 29 of this Complaint as if set forth fully herein.

31.     Plaintiff Wallin's actions in refusing to operate the Defendants' truck on May 25, 2011, were protected under 49 U.S.C. §31105(a)(1)(A)(i).

32.     Defendants disciplined, discriminated against and discharged Plaintiff Wallin in retaliation for his protected complaints, refusal to operate equipment in violation of applicable laws and regulations and refusal to operate equipment under conditions in which he reasonably believed posed a risk of serious injury to himself or others in violation of STAA, 49 U.S.C. §31105(a), and 49 C.F.R. §392.14.

33.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Wallin has suffered and will continue to suffer severe humiliation, embarrassment, degradation, loss of reputation, mental anguish, loss of enjoyment of life and physical and emotional distress.

34.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Wallin has sustained economic and non-economic damages in amounts to be proven at trial, including but not limited to back and front pay, loss of benefits and other compensation, emotional distress, attorneys' fees and costs of suit.

35.     Defendants' actions in illegally discriminating against, disciplining and discharging Plaintiff Wallin were undertaken with willful and deliberate disregard of Plaintiff

Wallin's rights and the protections under STAA entitling Plaintiff Wallin to punitive damages pursuant to 49 U.S.C. §31105(b)(3)(C).

WHEREFORE Plaintiff, Douglas Wallin prays for judgment in his favor and against Defendants as follows:

(a)    That a finding be entered that Defendants intentionally discriminated against, disciplined and discharged Plaintiff Wallin in violation of the STAA, 49 U.S.C. §31105;

(b)    That Plaintiff Wallin be made whole by providing compensation for past and future non-pecuniary losses resulting from Defendants' unlawful conduct, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

(c)    That Plaintiff Wallin be awarded all wages, benefits and compensation lost due to the Defendants' unlawful conduct, including back pay and all future pecuniary losses, with prejudgment interest, and such other equitable relief as may be deemed necessary to eradicate the effects of that conduct;

(d)    That Plaintiff Wallin be awarded punitive damages from Defendants;

(e)    That Plaintiff Wallin be awarded reasonable attorneys' fees, litigation costs and expert witness fees;

(f)    That Plaintiff Wallin be reinstated to his former position with the same pay and terms and privileges of employment; and

(g)    That Plaintiff Wallin be awarded such other and further relief as this Court may deem just and proper.

## COUNT II
## RETALIATORY DISCHARGE

36.     Plaintiff Wallin incorporates paragraphs 1 through 29 of this Complaint as if set forth fully herein.

37.     Defendants terminated Plaintiff Wallin's employment in retaliation for Plaintiff Wallin's protected conduct, including the performance of his obligations under STAA and other applicable laws and regulations including, but not limited to, 49 C.F.R. §392.14, which is incorporated by reference by Section 392.2000 of the Illinois Motor Carrier Safety Regulations.

38.     Defendants' termination of Plaintiff Wallin was contrary to the clear public policy of the State of Illinois.

39.     As a direct and proximate result of Defendants' retaliatory discharge, Plaintiff Wallin has suffered and will continue to suffer severe humiliation, embarrassment, degradation, loss of reputation, mental anguish, loss of enjoyment of life and physical and emotional distress.

40.     As a direct and proximate result of Defendants' wrongful and/or retaliatory discharge, Plaintiff Wallin has sustained economic and non-economic damages in amounts to be proven at trial, including but not limited to back and front pay, loss of benefits and other compensation, emotional distress, attorneys' fees and costs of suit.

41.     Defendants' actions in wrongfully discharging Plaintiff Wallin were undertaken with malice, reckless indifference and willful and deliberate disregard of Plaintiff Wallin's rights and were so outrageous, extreme and in disregard of Plaintiff Wallin's interests as to entitle him to an award of punitive damages.

WHEREFORE Plaintiff, Douglas Wallin, prays for judgment in his favor and against Defendants as follows:

(a)     That a finding be entered that Defendants discharged Plaintiff Wallin in violation of the clear public policy of the State of Illinois;

(b)     That Plaintiff Wallin be made whole by providing compensation for past and future non-pecuniary losses resulting from Defendants' retaliatory discharge, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

(c)     That Plaintiff Wallin be awarded all wages, benefits and compensation lost due to Defendants' retaliatory discharge, including back pay and all future pecuniary losses, with prejudgment interest, and such other equitable relief as may be deemed necessary to eradicate the effects of that conduct;

(d)     That Plaintiff Wallin be awarded punitive damages from Defendants;

(e)     That Plaintiff Wallin be awarded reasonable attorneys' fees and costs; and

(f)     That Plaintiff Wallin be awarded such other and further relief as this Court may deem just and proper.

MATHIS, MARIFIAN & RICHTER, LTD.

By   *s/Mark S. Schuver*
　　　Mark S. Schuver, #06197656
　　　Laura E. Schrick, #06284750
　　　23 Public Square, Suite 300
　　　P.O. Box 307
　　　Belleville, Illinois 62220
　　　Phone: (618) 234-9800
　　　Fax: (618) 234-9786
　　　mschuver@mmrltd.com
　　　lschrick@mmrltd.com

Attorneys for Plaintiff Douglas Wallin

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy hereof was served by mailing the same via regular U.S. Mail, postage prepaid, on this 22nd day of October, 2012 to the following:

U.S. Department of Labor
Office of Administrative Law Judges
The Honorable Clement J. Kennington, Administrative Law Judge
5100 Village Walk, Suite 200
Covington, Louisiana 70433

Regional Administrator
Region 5
U.S. Department of Labor, OSHA
230 South Dearborn Street, Room 3244
Chicago, Illinois 60604

Assistant Secretary for OSHA
c/o Directorate of Enforcement Programs
U.S. Department of Labor, OSHA
Room N-3119, FPB
200 Constitution Avenue, N.W.
Washington, D.C. 20210

Heidi L. Eckert
Hinshaw & Culbertson LLP
521 West Main Street
Suite 300
Belleville, Illinois 62222-0509

Director
Office of the Whistleblower Protection Program
U.S. Department of Labor, OSHA
Room N 3112 FPB
200 Constitution Ave. NW
Washington, D.C. 20210

Bayley Reporting, Inc.
12945 Seminole Blvd., Bldg. 1
Suite 14
Seminole, Florida 33778

Office of Administrative Law Judges
U.S. Department of Labor
800K Street NW, Suite 400 North
Washington, D.C. 20001-8002

_s/Mark S. Schuver_